Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNEMARIE WILSON, | ) |
| Plaintiff | ) |
| v. | ) **Case No.:** |
| ASSET ACCEPTANCE, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANNEMARIE WILSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSET ACCEPTANCE, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and maintains its headquarters in the State of New Jersey; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Riverside, New Jersey 08075.

6. Defendant is a national debt collection company with its corporate headquarters located at 28405 Van Dyke Avenue, Warren, MI 48092.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendant contacted Plaintiff seeking to collect an alleged consumer debt owed by another person.

10. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

11. Between November 2011 and October 2012, Defendant placed repeated harassing calls to Plaintiff seeking to collect an alleged debt owed by another person.

12. Plaintiff regularly received collection calls from numbers including: 301-223-0073, which the undersigned has confirmed is a telephone number belonging to Defendant.

13. During this time, Defendant's representatives called Plaintiff four to five times a day looking for someone other than Plaintiff.

14. Plaintiff told Defendant's representatives, on a daily basis, to stop calling her as the person they were seeking to contact could not be reached at her telephone number.

15. However, despite this request Defendant continued to call Plaintiff.

16. As set forth in paragraph 14, Defendant had been provided actual knowledge that the person it sought to contact could not be reached at Plaintiff's telephone number.

17. Defendant had not obtained any information to contradict the notice given by Plaintiff as set forth in paragraph 14.

18. Defendant's continued calls and other contacts with Plaintiff therefore could only have been engaged in with the intent to harass her, perhaps in hopes she would rather pay the debt of another to stop the calls, than to continue to receive calls.

19. Defendant's collectors used methods which were unlawful during the calls, by among other things, failing to identify themselves and refusing to provide an address for Plaintiff to correspond with Defendant by U.S. Mail.

20. Calls persisted throughout the first half of 2012.

21. On or about June 2012, Plaintiff was able to speak with a supervising collector of Defendant to complain about the continued calling, was assured that Defendant's records would be corrected, and that she would not be contacted by Defendant anymore. However, despite these assurances, Defendant continued to call Plaintiff.

22. It is apparent that Defendant failed to investigate the information provided by Plaintiff at any time, and failed to update its records to avoid the further harassment.

23. Plaintiff has never received anything in writing from Defendant to describe the alleged debt, or provide her with notification of her rights under the FDCPA.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

25. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to contact Plaintiff even after Plaintiff told Defendant that it was contacting the wrong person, and when it engaged in other harassing or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

27. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692d(6) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692d(6) of the FDCPA prohibits debt collectors from making the placement of telephone calls without meaningful disclosure of the caller's identity.

29. Defendant violated δ 1692d(6) of the FDCPA when its representatives called Plaintiff but refused to provide their identity.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

31. Defendant violated § 1692e of the FDCPA when it continued to pursue an alleged debt against Plaintiff even after it was told that it had the wrong person and it was not Plaintiff's debt, when it attempted to collect a debt that Plaintiff did not owe, when its collectors failed to identify themselves, and when it made other false, deceptive or misleading representations.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(2)(A) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a false representation as to the character, amount, or legal status of any debt.

33. Defendant violated § 1692e(2)(A) of the FDCPA when its collectors continued to attempt to collect an alleged debt from Plaintiff even after she clearly told the collectors that she did not owe this debt, and that the debt was that of another person.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34. Section 1692e(10) of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

35. Defendant violated § 1692e(10) of the FDCPA when it continued to pursue an

alleged debt against Plaintiff even after it was told that it had the wrong person and it was not Plaintiff's debt, when it attempted to collect a debt that Plaintiff did not owe, when its collectors failed to identify themselves, and when it made other false, deceptive or misleading representations.

## COUNT VII
## DEFENDANT VIOLATED § 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

37. Defendant violated § 1692f(1) of the FDCPA when it attempted to collect an alleged debt from Plaintiff with knowledge that this debt was the debt of another, and as such, was not permitted by law.

## COUNT VIII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice concerning the debt.

39. Defendant violated § 1692g(a) of the FDCPA when it failed to send anything in writing to Plaintiff, as it was required to do so under the FDCPA, regarding the alleged debt.

WHEREFORE, Plaintiff, ANNEMARIE WILSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNEMARIE WILSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 11/08/2012        KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: abennecoff@creditlaw.com